IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSE DIAZ ZAMORA, individually and on behalf of all others similarly situated** | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 4:19-cv-2103 |
| v. | § § | |
| **ABW CONSTRUCTION and BRIAN MARTINSON** | § § | JURY DEMAND |
| Defendants. | § § § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT
---

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Jose Diaz Zamora (hereinafter referred to as "Mr. Diaz" or "Plaintiff") individually and on behalf of all others similarly situated, files this lawsuit as a collective action Defendants ABW Construction and Brian Martinson (hereinafter referred to as "ABW" "Martinson" or "Defendants"), to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I.    NATURE OF CLAIMS

1.    This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. and 29 U.S.C. §216 ("FLSA") to correct unlawful employment practices, including Defendants' failure to abide by wage and hour laws.  This collective action seeks to recover unpaid wages and other damages owed by Defendants to its current and former employees.


## II.   JURISDICTION AND VENUE

2.  This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants is subject to personal jurisdiction in Texas.

3.  Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.   PARTIES

4.  Plaintiff Mr. Jose Diaz-Zamora is an individual residing in Houston, Harris County, Texas. Mr. Jose Diaz-Zamora is a former employee of Defendant. Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

5.  Upon information and belief, Defendant ABW Construction is a privately held company that conducts business in Houston and counties surrounding Houston. Defendant may be served with process by serving its owner, Brian Martinson at 2426 Dixie Woods Dr. Pearland, TX 77581.

6.  Upon information and belief, Defendant Brian Martinson is the owner of ABW Construction. Defendant may be served with process by serving the owner, Brian Martinson at 2426 Dixie Woods Dr. Pearland, TX 77581.

## IV.   FACTS

7.  Plaintiff was employed by Defendant from September 14,2017, until July 21, 2018.

8.  At all times relevant to this lawsuit, Defendant was, and remains, an enterprise engaged in

2

commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

9. Defendant employed Plaintiff and other similarly situated employees at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

10. In performing their duties for Defendant, Plaintiff and other similarly situated employees were engaged in commerce or in the production of goods for commerce.

11. Plaintiffs and other similarly situated employees were employed in an enterprise engaged in commerce or in the production of goods for commerce.

12. Plaintiff and other similarly situated employees were employed as *worker*. Their primarily duties included, but were not limited to, remodeling homes including removing and adding sheet rock, floor removal and installation, painting, carpenting and electrical work.

13. Plaintiff and other similarly situated employees did not have any formal training, did not interview employees, were not in charge of the hiring and firing of employees, did not set or adjust employees' rate of pay and were not engaged in office and/or non-manual work.

14. Plaintiff regularly worked many hours in excess of forty (40) hours per week for Defendant. In performing his duties, Plaintiff routinely worked up to, routinely worked up to and in excess of, 10-12 hours per day, six days per week; or 60-72 hours per week. For a period of 3-4 months Plaintiff was asked to work 12-14 hours per day, seven days per week; or 84-98 hours per week.

15. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiff.

16. The work performed by Plaintiff and other similarly situated employees was within Defendant's knowledge and control. Defendant set Plaintiff and similarly situated employee's

schedules, assigned work, and supervised their work.

17. Defendant would pay Plaintiff, and similarly situated employees, a flat rate of $190.00 per day, although they were each working an excess of ten (10) hours per day.

18. Plaintiff and other similarly situated employees were entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendant did not pay Plaintiff and similarly situated employees one- and one-half times their regular rates of pay for hours worked in excess of forty (40) per week.

19. Defendant failed to accurately record and report the hourly pay rates on their payroll records and failed to properly pay Plaintiff for hours over forty (40) hours a week. Plaintiff knows other *workers* who were paid in the same way that he was paid, without proper overtime pay.

20. Defendant's failure of record keeping of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. § 211 and demonstrates Defendant's willful and intentional conduct designed to evade the requirements of the FLSA.

## V.  FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

21. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

22. Plaintiff and other similarly situated employees were engaged in nonexempt manual labor, as set forth above.

23. As non-exempt employee, Plaintiff and other similarly situated employees were legally entitled to be paid at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

24. Defendant failed to pay Plaintiff and other similarly situated employees at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

25. As a result, Plaintiff and other similarly situated employees did not receive the compensation they were legally entitled to receive.

26. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff' and other similarly situated employees' rights.

27. As a result of Defendant' willful violations of the FLSA, Plaintiff and other similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

28. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

29. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt 516.

30. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

## VII. COLLECTIVE ACTIONS ALLEGATIONS

31. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

32. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

33. As set forth above, Plaintiff is aware of other employees who perform similar work for Defendant.

34. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

35. Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

36. As a result of Defendant's willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VIII.   JURY DEMAND

37. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## IX.   PRAYER

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiff and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District Bar No.: 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main:   713-742-0900
Fax:     713-742-0951
alfonso.kennard@kennardlaw.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS**