United States District Court
Southern District of Texas
**ENTERED**
December 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE DIAZ-ZAMORA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-2103 |
| § | |
| ABW CONSTRUCTION § | |
| and § | |
| BRIAN MARTINSON, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the defendant's, Brian Martinson, individually and doing business under the assumed name of Liquid Asset Investments, LLC, motion to dismiss the plaintiff's, Jose Diaz Zamora, suit which he brings individually and in behalf of all others similarly situated. The defendant brings this motion pursuant to Federal Rules of Civil Procedure, rules 12(b)(1) and 12(b)(6) [DE 30]. Also, before the Court is the plaintiff's response [DE 31]. After a careful review of the pleading, the motion, response, attachments and the briefs, the Court determines that the defendant's motion should be granted.

### II.   FACTUAL BACKGROUND

The plaintiff, a carpenter or helper in the home remodeling industry, performed home remodeling for the defendant from September 14, 2017, until July

21, 2018. His duties included removing and adding sheetrock, removal and installation of floors, painting, electrical work and general carpentry work under the instruction and at the direction of the defendant. It is unclear how the defendant carried the plaintiff on his payroll.

The plaintiff contends that he was an employee and that fact is evidenced by the way he was managed. He asserts that he was not in charge of hiring and firing employees and did not set his scheduled or the rate of pay for himself or his fellow workers. Nor did he perform office work. All of his work, he maintains, was manual labor; and, except for a period of three to four months, when he worked 12 – 14 hours per day -- seven days per week, he regularly worked six days per week, 10 – 12 hours per day. For their labors, the plaintiff, and other similarly situated, were paid a flat rate of $190 per day.

The defendant does not dispute the facts as they relate to the work performed by the plaintiff and those he seeks to represent in his FLSA case. Instead, the defendant asserts that the plaintiff's suit should be dismissed because he "lacks standing to bring and maintain this suit . . . he was not an employee of the defendant [or his entity], and because the defendant is not subject to the FLSA as required by law." In this regard, the defendant relies on the absence of necessary facts in the plaintiff's pleadings and proof, referring the Court to *Rodriguez v. Texas Comm'n of Arts*, 199 F.3d 279 (5th Cir. 2000).

He also contends that a plaintiff bears the burden of proof, by a preponderance of the evidence, on this point. The defendant points to a lack of evidence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Arguing further on its standing claim, the defendant asserts that the evidence does not establish that the plaintiff is an employee and further that the defendant is, in fact, an "employer". *See* 29 U.S.C. § 203(d) and (e). Because his business does not meet the FLSA threshold of $500,000 gross annual sales to be designated an enterprise, the Court lacks subject matter jurisdiction of this suit.

### III.  ANALYSIS AND DISCUSSION

The FLSA mandates that an enterprise pay a minimum wage to its employees whether private or public. However, an enterprise is exempt from the statute where its annual gross volume of sales or business does not equal or exceed $500,000. 29 U.S.C. § 203(s)(1). Therefore, where the evidence fails to show that an enterprise is engaged in commerce or production of goods for commerce, or its employees handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce, and does not generate gross sales in excess of $500,000, no enterprise is proved and no employer – employee relationship is established. The Court is of the opinion that the evidence fails to support a finding that an enterprise exists.

## IV.   CONCLUSION

In the case at bar, the evidence fails to show, and the plaintiff has not disputed that the defendant does not produce a product for commerce or work on goods or materials previously moved through interstate commerce as intended by the statute.  Equally important, he does not dispute that the defendant's gross annual sales do not exceed the threshold for inclusion under the FLSA.  Therefore, the Court findings that the plaintiff's complaint fails to establish by a preponderance of the evidence that the defendant is an enterprise and, thus, subject to FLSA.  The Court concludes that it lacks subject matter jurisdiction.  Fed. R. Civ. Pro., Rule 12(b)(1).  Hence, the defendant's motion to dismiss is Granted.

It is so Ordered.

SIGNED on this 29th day of December, 2020.

_____
Kenneth M. Hoyt
United States District Judge